UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUAN FLAGG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-844-PPS-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Juan Flagg, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 17-03-353) where a Disciplinary Hearing Officer (DHO) found him guilty of assault on staff in violation of Indiana Department of Correction (IDOC) Policy A-117 on March 28, 2017. ECF 2 at 1, 9-3 at 1. As a result, he was sanctioned with the loss of 50 days earned credit time and received a one-step demotion in credit class. *Id.*

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the

record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Flagg was found guilty of violating IDOC offense A-117, which prohibits inmates from"[c]ommitting battery/assault upon any staff person, including contractors and volunteers, which results in bodily injury or serious bodily injury (including the throwing of body fluids or waste on a staff person)." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/

2

files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Flagg as follows:

On 03/26/2017 at approximately 3:52pm I sgt T. Redden was escorting offender Flagg Doc#121969 to MSU [Medical Services Unit]. As we w[ere] going on the elevator Offender Flagg slipped his cuff and started swinging. As the offender was fighting [I] secured the offender on the ground as Officer A. Blair call[ed] a signal 7. The offender attempted to fight still and banged my [h]and against the wall. The first Responders then arrived.

ECF 9-1 at 1.

In his petition, Flagg argues there are two grounds which entitle him to habeas corpus relief. In his first ground, Flagg argues his due process rights were violated because he was denied a fair hearing before an impartial decision-maker. ECF 2 at 2. As an initial matter, however, Flagg has not met the exhaustion requirement contained in 28 U.S.C. § 2254(b). To have exhausted his administrative remedies, Flagg must have properly presented the issue at each administrative level. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). But he did not reference the DHO or their lack of impartiality when he filed his administrative appeal. ECF 9-4. However, notwithstanding Flagg's failure to exhaust, the court may deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Turning to the merits of his first ground, in the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the

3

constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the events underlying the charge. *Id*.

The court's review of the record indicates there is no evidence to support Flagg's contention that the DHO was biased against him or that he did not receive an impartial hearing. In his petition, Flagg claims the DHO was unfair and partial toward him because, after discussing the assault with prison officials, he was told he would not be able to contact his family members by mail or phone and would be confined to a strip cell until his case was resolved. ECF 2 at 2. He further complains prison officials told him it would take weeks for a DHO to resolve his case unless he pled guilty to the offense. *Id*. But here Flagg has failed to establish or show that the DHO, who presided over his case, was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. *Piggie*, 342 F.3d at 666. Therefore, Flagg's first ground does not identify a basis for habeas corpus relief.

In his second ground, Flagg argues his due process rights were violated because his right to call witnesses was improperly denied. ECF 2 at 2. Here, he states that "[a]s a result of . . . being 'forced' to plea[d] guilty to alert [his] family of what happened [he] was denied the right to call . . . multiple witnesses whom would testify on [his] behalf."

4

*Id*. A prisoner has a right to call witnesses and present documentary evidence in a prison disciplinary proceeding. *Wolff*, 418 U.S. at 566. Flagg's right to present evidence was satisfied. During his screening, he had the right to request witnesses and evidence in his defense. However, as indicated on his screening report, Flagg did not request any witnesses or physical evidence for his disciplinary hearing. ECF 9-2 at 1. Furthermore, the court has thoroughly reviewed the record and finds no evidence to support Flagg's contention that he requested testimonial and documentary evidence to present at his hearing.

However, assuming Flagg had properly requested witnesses, those witnesses would not have aided his defense and thus Flagg cannot show prejudice. *Piggie*, 344 F.3d at 678. Here, Flagg claims there are at least four witnesses, including Officers Blair and Kelly as well as several offender porters, who witnessed Sergeant Redden physically attack him while he was in handcuffs and shackles. ECF 9-4 at 2. However, Flagg's contention is not supported by the record. William Lessner, an internal affairs investigator, conducted interviews of two offender porters. One porter told Lessner that he did not know anything about the incident, Sergeant Redden was not a bad officer, and he heard Flagg state: "I'm going to beat your bitch ass" several times. ECF 9 at 3, 11-1 at 6. The second porter told Lessner that Flagg "did slip the cuffs" and showed him how he did it. *Id*. Officers Blair and Kelly provided written statements to Lessner. In Officer Blair's handwritten statement, she indicated she heard yelling from the elevator and called for help. ECF 9 at 3-4, 11-2 at 13. Officer Kelly provided a

5

statement describing her interaction with Flagg before the incident and said Flagg told her "Tell that yellow Bitch ass Sgt. to bring his ass back here and stop sending you back here cause when I come out I'm raising hell." ECF 9 at 4, 11-2 at 16. Thus, contrary to Flagg's claim that these witnesses would have testified that Sergeant Redden assaulted him; instead, they would have testified Flagg was loudly threatening Sergeant Redden and he slipped out of his handcuffs. Even if prison officials had denied Flagg's request for witnesses, that error would have been harmless because there is no indication from the record that the evidence "might have aided [Flagg's] defense." *Piggie,* 342 F.3d at 666. Therefore, this ground does not identify a basis for granting habeas corpus relief either.

As a final matter, to the extent Flagg seems to imply in his petition that there was insufficient evidence for the DHO to find him guilty of assaulting Sergeant Redden, that contention fails. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Sergeant Redden sufficiently detailed Flagg's assault on him as he was escorting Flagg to the Medical Services Unit when he slipped out of his handcuffs and "started swinging" at him. ECF 9-1 at 1. Sergeant Redden reported he was able to secure Flagg on the ground but Flagg was still able to bang his hand against the wall. *Id*. As part of the internal affairs investigation, Sergeant Redden provided a formal statement documenting the assault and the fact he had broken his little finger, which required surgery. ECF 9 at 3, 11-1 at 8, 11-2 at 12. Given Sergeant Redden's

6

detailed conduct report coupled with the internal affairs investigation in this case, there was more than "some evidence" for the DHO to find Flagg guilty of offense A-117. Furthermore, to the extent Flagg claimed Sergeant Redden assaulted him, the DHO was not required to believe Flagg's account of the events and, as discussed *supra*, there were no witnesses who confirmed that Sergeant Redden assaulted Flagg. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence.").

If Flagg wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Juan J. Flagg's petition for writ of habeas corpus (ECF 2) is DENIED and Flagg's request for leave to add exhibits to [his] traverse (ECF 18) is DENIED as moot. The clerk is DIRECTED to close this case.

SO ORDERED on December 4, 2018.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT